DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Lucas County Court of Common Pleas that, following a plea of no contest, found appellant guilty of one count of aggravated robbery and one count of kidnaping, and imposed two consecutive five-year terms of imprisonment. For the reasons that follow, this court affirms the judgment of the trial court.
Appellant sets forth the following assignments of error:
 "1. Appellant was denied effective assistance of counsel by his trial counsel's failure to perfect his appeal.
 "2. The trial court erred by sentencing appellant to consecutive sentences on two first degree felony charges arising from the same incident without making the requisite findings under R.C. 2929.14(E)(4)."
The undisputed facts that are relevant to the issues raised on appeal are as follows. On March 2, 2001, appellant entered pleas of no contest to one count of aggravated robbery in violation of R.C. 2911.01(A)(1) and one count of kidnaping in violation of R.C. 2905.01(A)(2). The trial court found appellant guilty and on April 13, 2001, sentenced him to two consecutive terms of five years each.[1]
In his first assignment of error, appellant asserts that he received ineffective assistance of counsel because trial counsel failed to perfect his appeal. The record shows that trial counsel filed appellant's notice of appeal but failed to include other documents necessary to perfect the appeal. As a result, this court dismissed appellant's appeal on May 21, 2001. Appellant filed a motion for reconsideration of this court's dismissal of his appeal, which this court granted by judgment entry dated September 6, 2001. Counsel was appointed and appellant's appeal was reopened.
Insofar as the merits of appellant's appeal are being considered by this court herein, we find that appellant was not prejudiced by trial counsel's actions. See Strickland v. Washington (1984), 466 U.S. 668. Accordingly, appellant's first assignment of error is not well-taken.
In his second assignment of error, appellant asserts that the trial court failed to make the required findings pursuant to R.C. 2929.14(E)(4) when it imposed consecutive sentences for his two convictions.
R.C. 2929.19(B) states in relevant part:
 "(2) The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
"* * *
 "(c) If it imposes consecutive sentences under section 2929.14 of the Revised Code, its reasons for imposing the consecutive sentences." [Emphasis added.]
R.C. 2929.14(E)(4) further addresses the imposition of consecutive sentences:
 "(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 "(c) The offender's history of criminal conduct demonstrates that the consecutive sentences are necessary to protect the public from future crime by the offender." [Emphasis added.]
At appellant's sentencing hearing, the trial court stated as follows:
 "* * * Each of those sentences are to be served consecutively, one to the other, * * * The Court finds that this is necessary to fulfill the purposes of Revised Code 2929.11, and not disproportionate to the seriousness of the offender's conduct or the danger the offender poses, and the Court further finds that as regards 00-2926 the defendant's criminal history requires consecutive sentences."
The trial court made the following additional statements as to appellant's history of criminal conduct, which indicate its consideration of that factor in imposing sentence:
 "* * * [Y]ou are now before the court on your seventh, your eighth, and your ninth felony convictions. Nine felonies. Nine felonies. And you've got 16 criminal misdemeanor convictions.
"* * *
 "But as far as sentencing is concerned on these three new felonies, I have to take in consideration, and I'm obligated to, 25 criminal convictions. * * *"
Based upon the foregoing, we find that the record supports the trial court's decision to impose consecutive sentences and that the trial court made the necessary findings to support its decision. Accordingly, we find that the trial court did not err when it ordered appellant to serve the two sentences consecutively, and appellant's second assignment of error is not well-taken.
On consideration whereof, this court finds that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Lucas County Court of Common Pleas is affirmed. Costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J., James R. Sherck, J., and Richard W. Knepper,J., CONCUR.
[1] Another case, trial court no. CR00-3015, which involved a charge of receiving stolen property against appellant and which arose from a separate incident, was consolidated with this case throughout the proceedings in the trial court.